## KOBRO v. SCHLOMOWITZ.

### (Supreme Court, Appellate Term. May 5, 1904.)

1. CHECK—NONPAYMENT—FRAUD—JURY QUESTION.

> In an action on a check, payment on which was stopped, and defense made on the ground that its execution and delivery to the payee were induced by a fraudulent representation on the part of the payee, to the knowledge of plaintiff, an alleged innocent holder, the question whether there was a fraudulent representation, to the knowledge of plaintiff, was, under conflicting evidence, for the jury.

Appeal from City Court of New York, Trial Term.

Action by Max Kobro against Elias Schlomowitz. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Jacob Manheim, for appellant.
Louis A. Jaffer, for respondent.

LEVENTRITT, J. The plaintiff had recovery on a check for $1,000 made by the defendant to one Jacob Sheer, who indorsed it to the plaintiff. Payment was stopped after transfer to the plaintiff on the alleged ground that the check was obtained through certain false and fraudulent representations. The allegations of the complaint were admitted, and the defendant had the affirmative. The defense was, in substance, that Sheer represented that he had a valid contract between himself and the owner for the sale and purchase of certain premises for $31,000; that the representations were false, to Sheer's knowledge, and made with the intent to cheat and defraud the plaintiff, who, relying thereon, agreed to pay $32,000 for the premises; that the $1,000 involved in this suit was given in part payment; that Sheer never held any contract from the owners of the premises, and that all these facts and the circumstances surrounding the transaction between the defendant and Sheer were known to the plaintiff; and that the latter was therefore not an innocent holder for value. The defendant gave proof in support of all of these allegations, and, in the absence of contradiction by the plaintiff, would undoubtedly have been entitled to a verdict. The plaintiff's proof amounted, in effect, to a general denial of all the defendant's allegations.

It is not questioned, nor can it be, that, if the representation was made, it was false. There was no written contract between Sheer and the owners. There was not even an oral one. Sheer sought to have it appear that he had concluded an oral bargain at a specified price with the agent of the owner, and that he had communicated that fact to the

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 1879.

defendant, and claimed that the latter, making use of the information obtained, sought out the agent, and induced him to rescind the oral contract and to sell to the defendant, who thereupon stopped payment of the check given to Sheer as earnest money. Naturally the defendant and the agent deny these matters, but their story, in view of all the circumstances, is far more likely the true one. It is unnecessary, however, to review the judgment from the standpoint of the weight of evidence, as the case was submitted to the jury on an erroneous theory, and as there are specific exceptions to essential refusals to charge, which require a reversal. This much may be said, however: It cannot be open to serious dispute that Sheer did represent to the defendant that he had a written contract for the purchase of the premises. He admitted it on cross-examination. The plaintiff, who was present at all the important transactions, admitted on direct examination: "And Mr. Sheer said he had a contract from the owner about those three houses; that he had a written contract." The plaintiff's other main witness, one Minsky, gave evasive, though corroborative, testimony. It was testified to, and not contradicted, that Minsky, Sheer, and the plaintiff were partners in the transaction. The making of the representation that a written contract had been executed having been admitted, and it being undisputed that the representation was false, it becomes very evident that the question of fraud and of the plaintiff's good faith was the very essence of the transaction. In other words, the defendant was entitled to recover if he proved that he parted with the check, relying on the intentional fraudulent representation of Sheer regarding the execution of the contract, and if he proved that Kobro, the plaintiff, had knowledge of the whole transaction, and took the check, therefore, subject to all the equities existing between the original parties. In my opinion, he proved all of this. Yet in the charge the court eliminated entirely the question of fraud. The sum and substance of the charge was that, if the defendant had "done something that estops him from defeating the payment of that check," judgment must be for the plaintiff. And this so-called estoppel is thus defined: "If he went there and prevented Mr. Sheer from performing the contract, he is estopped from complaining against Sheer if the contract was not performed." The court charged that, if the defendant "corruptly used" the facts of which he obtained knowledge "to defeat the party who purchased the property from ever being able to deliver title, he is estopped from saying that delivery was not had." Save in the form of a request charged, which was afterwards nullified, not one word was mentioned of the fraud charged against Sheer, which is the gist of the defense, and which created the sole issue in the case. If there was a fraudulent representation as to the existence of a written contract, made to deceive the defendant, and relied on by him, he was entitled to recover, if the plaintiff had knowledge; and what the defendant did thereafter was entirely immaterial. If Sheer represented that he had a contract, oral or written, when he had none, the defendant, on discovery of that fact, was justified in getting the property for himself, the same as any third party. It is not quite clear what the court meant by "corruptly used." No fraud was charged against the defendant. The court in its charge, assumed that the plaintiff's version was correct, as to the circumstances under

which the $1,000 was paid. That, at least, is the inference which the jury must have drawn from the charge, especially in view of the omission to refer to the question of fraud, and of the refusal to charge this entirely proper request:

"Defendant's Attorney: I ask your honor to charge that if he told Schlomowitz that he had a written contract, when he had not, he cannot recover, even if he had a verbal assurance from Hopkins [the agent]. The Court: I decline to charge that, because I have already charged that if your client availed himself of information he received that day, and made it impossible for Sheer to perform the contract, he cannot be heard to complain."

The court thus consistently to the end refused to place before the jury the fraud alleged against Sheer to the knowledge of Kobro. The first question in this case is, was there fraudulent misrepresentation? None other is reached before that is disposed of. And that question was not submitted to the jury.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.